UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ALYCE R. ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  2:22CV209-PPS/JEM |
| | ) |
| UNITED STATES EQUAL EMPLOYMENT | ) |
| OPPORTUNITY COMMISSION, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Alyce Anderson has a bone to pick with the Equal Employment Opportunity Commission. That much is clear. What it's all about is less so. She has filed this lawsuit in federal court complaining that she has repeatedly advised the EEOC that she does not consent to, and vehemently objects to, the EEOC's use of her email address. Does Anderson have a matter pending before the EEOC? What is the EEOC using her email address for? Anderson's complaint does not make this clear. She alleges that someone "pretending to be the Plaintiff went on the US Equal Employment Opportunity Commission online public portal and registered the Plaintiff['s] personal and private email address," and then "a second time register[ed] a fake email...not belonging to the Plaintiff." [DE 1 at 2.] Anderson does not explain what communications she has received from the EEOC to her email address, nor why the emails are "harassment, severe misconduct, and abusive behavior" that has "been very upsetting, emotionally draining, and extremely stressful" for her. [DE 1 at 2, 3.] The relief Anderson seeks is an

order that the EEOC "cease and desist from using Plaintiff['s] personal and private email address, forever." [DE 1 at 3.]

Because Anderson wants to file the case without paying the customary filing fee [DE 2], the complaint is subject to review and potential dismissal if on its face it lacks merit. Anderson's information establishes that she is financially qualified to file without payment of the fee, but her complaint does not pass muster when subjected to the associated review of its merits. Pursuant to 28 U.S.C. §1915(e)(2)(B), "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .(B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A document filed *pro se* is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nonetheless, Anderson's complaint is subject to dismissal because it fails to state a claim on which relief may be granted.

In the 20th century, the average experience of daily life inevitably involves numerous unwanted contacts and communications from other people and organizations of all sorts, particularly in the form of email. Anderson makes clear that the EEOC's communications with her via email are unwanted, but she has not offered facts that explain why that is particularly so, and (more importantly for present purposes) why those contacts would support any legal cause of action or relief via a lawsuit. The

standard of review under §1915(e)(2)(B) borrows from Fed.R.Civ.P. 12(b)(6), which authorizes a motion challenging the sufficiency of a complaint "to state a claim upon which relief can be granted." The Supreme Court interpreted the Rule 12(b)(6) pleading standard in the cases of *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). The Rule 12(b)(6) standard requires "a claim to relief that is plausible on its face," which in turn requires factual allegations sufficient to permit a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556. Anderson's complaint fails on both counts.

The Seventh Circuit has described *Twombly* as establishing "two easy-to-clear hurdles," namely that (1) the complaint describe the claim in sufficient detail to give the defendant fair notice of the claim and the basis for it, and (2) the allegations plausibly suggest that the plaintiff has a right to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008), quoting *Equal Employment Opportunity Commission v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 (7th Cir. 2007). "Plausibility" in this context minimally requires that "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Anderson does not describe a claim that gives the EEOC (or the court) fair notice of the claim and the basis for it, and the allegations do not present a story that holds together and suggests that Anderson has any right to legal relief for the annoyance of receiving emails (of an uncertain nature and number) from the EEOC.

The uncertainly of Anderson's issues with the EEOC is compounded by her prior history of litigation in this court, in *Anderson v. Alvarez*, Case No. 2:21CV170-JEM, and

3

*Anderson v. Kramer*, Case No. 2:21CV218-JEM.  In April of 2021, Anderson initiated an Order of Protection proceeding in the Superior Court of Lake County, Indiana against Alison D. Alvarez, an attorney who represented the United States Postal Service in two EEOC proceedings initiated by Anderson.  [No. 2:21CV170, DE 1 at 1-2.] The United States government removed the case to this court, where it was assigned Case No. 2:21CV170-JEM.  [*Id.*]   The *Kramer* case involved a similar removal of Anderson's state court petition for an Order of Protection against an administrative law judge for the EEOC who was assigned to a complaint filed by Anderson against the postal service.  [No. 2:21CV218, DE 10 at 1.]  Judge Martin dismissed both the *Alvarez* and *Kramer* cases on sovereign immunity grounds.  [No. 2:21CV170, DE 19 at 3-4;  No. 2:21CV218, DE 10 at 2-3.]

      The record in both of those cases suggests that Anderson had initiated proceedings before the EEOC.  How this jibes with the allegations in the present action about identity theft having some relation to the EEOC's use of Anderson's email address is unclear.  Furthermore, in both *Alvarez* and *Kramer*, Judge Martin noted that "Plaintiff seeks to have all legal communication regarding her workplace discrimination claims sent to her on paper through the mail and filed the underlying petition for order of protection against Defendant to prevent her from communicating with Plaintiff via email."   [No. 2:21CV170, DE 19 at 2;  No. 2:21CV218, DE 10 at 2.]  Wouldn't Anderson's initiation of proceedings before the EEOC reasonably explain and justify the EEOC's use of her email address to communicate with her?

4

So although the reasons for Anderson's objection to the use of her email address are unexplained, she has pursued the issue by means of several other lawsuits previously, further muddying the waters.  Piecemeal litigation poses risks of the waste of judicial resources, inconsistent outcomes, and unfairness to the parties.  Anderson has now had three attempts to obtain judicial relief on the same issue, without success on any.  Although the dismissal of this action will be without prejudice for failure to state a claim, Anderson is advised that any future litigation of the same issue should be careful to spell out her allegations fully to support a claim to relief that is plausible on its face and permits a reasonable inference that the defendant is liable for the misconduct alleged.  Failure to do so may result in a dismissal of Anderson's complaint with prejudice.

**ACCORDINGLY:**

Alyce R. Anderson's Motion to Proceed In Forma Pauperis [DE 2] is GRANTED.

The case is DISMISSED WITHOUT PREJUDICE  pursuant to 18 U.S.C. §1915(e)(2)(B) because it fails to state a claim on which relief can be granted

**SO ORDERED**.

ENTERED: August 9, 2020.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT